UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:07-CR-36 |
| | § | |
| LEWIS HENRY BUSSEY, JR. | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 19, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on March 10, 2003, before The Honorable Sam A. Lindsay of the Northern District of Texas, after pleading guilty to the offense of Possession With Intent to Distribute Crack Cocaine, a Scheduled II Controlled Substance, and Aiding and Abetting, a Class C felony. This offense carried a statu-

tory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 57 to 71 months. Defendant was subsequently sentenced to 64 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include: the defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer; and the defendant shall provide the U.S. Probation Officer any requested financial information.

## II.  The Period of Supervision

On February 24, 2006, defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction in defendant's case was later transferred to the Eastern District of Texas and the case was reassigned to Honorable Thad Heartfield, Chief Judge, on September 4, 2007.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 19, 2007. The petition alleges that defendant violated the following conditions of release:

| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
|---|---|
| Special Condition: | Defendant shall participate in a program (inpatient or outpatient) approved by the U.S. |

>Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.

As grounds, the petition alleges that defendant submitted urine specimens that were positive for cocaine on June 5, 2007 and July 9, 2007.  In addition, defendant allegedly failed to attend a scheduled appointment for a substance abuse evaluation and assessment on July 3, 2007, and failed to attend the rescheduled appointments on July 10, 2007 and July 24, 2007.

### IV.  Proceedings

On September 28, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose a term of imprisonment of twelve (12) months and one (1) day.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.  In addition, defense counsel requested, and counsel for

the government did not oppose, that defendant's sentence be served outside the states of Texas and Louisiana.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession.  By possessing cocaine, defendant violated Texas Health and Safety Code § 481.115 and committed a Grade B violation.  U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision.  U.S.S.G. § 7B1.4(a) indicates that the applicable revocation imprisonment range, based on a Grade B violation and a criminal history category of III, is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled

substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.4(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade B violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of twelve (12) months and one (1) day.

4. The court should recommend that defendant serve his sentence outside the states of Texas and Louisiana.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 2 day of October, 2007.

_____
Earl S. Hines
United States Magistrate Judge